IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE O. BROWN,

      Plaintiff,                    No. CIV S-07-0245 FCD KJM P

    vs.

G.L. FOAT, et al.,

      Defendants.         ORDER

                          /

          Plaintiff is a recently released state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

          The court is required to screen complaints brought by prisoners[1] seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

---

[1] At the time plaintiff filed his complaint, he was still incarcerated.

1

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his complaint, plaintiff appears to allege that he has been subjected to racial discrimination. However, the court finds the allegations in plaintiff's complaint are so vague and conclusory that it fails to state a claim for relief. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts in which a defendant engaged to support plaintiff's claim. Id.

1    Plaintiff also claims his rights under the Americans With Disabilities Act (ADA)
2 are being violated.  Plaintiff claims he is legally blind and prison official have not made
3 reasonable accommodations for his access to the court.
4    Persons covered by the ADA are:
5    individual[s] with a disability who, with or without reasonable
    modifications to rules, policies, or practices, the removal of
6    architectural, communication, or transportation barriers, or the
    provision of auxiliary aids and services, meet . . . the essential
7    eligibility requirements for the receipt of services or the
    participation in programs or activities provided by a public entity.
8
9 42 U.S.C. § 12131.
10    Plaintiff is not covered by the ADA in this instance because he does not appear to
11 be seeking participation in a "program" or "activity," or the "receipt of services."  See
12 Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998) (prison related
13 "programs," "services," or "activities" under 42 U.S.C. § 12131 include, for example,
14 recreational activities, medical services, educational programs, vocational programs and contact
15 visitation).
16    To the extent plaintiff wishes to allege a retaliation claim, he is advised that
17 retaliatory actions taken against a prisoner for exercising his First Amendment rights may violate
18 the constitution whether or not the underlying misconduct would establish a constitutional
19 violation.  Rhodes v. Robinson, 408 F.3d 559, 567-68  (9th Cir.  2005) (footnote omitted).
20    Within the prison context, a viable claim of First Amendment
    retaliation entails five basic elements: (1) An assertion that a state
21    actor took some adverse action against an inmate (2) because of (3)
    that prisoner's protected conduct, and that such action (4) chilled
22    the inmate's exercise of his First Amendment rights, and (5) the
    action did not reasonably advance a legitimate correctional goal.
23
24 An allegation of harm, rather than of chill, may be a sufficient basis for a claim of retaliation.
25 Pratt v.  Rowland, 65 F.3d 802, 807 (9th Cir.  1995); Valandingham v. Bojorquez, 866 F.2d
26 1135, 1138 (9th Cir.1989).

1     Plaintiff is also informed there is no constitutional right to a grievance process; thus any deficiencies in the response to plaintiff's grievances do not state a claim cognizable in a civil rights act.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights, taking account of the above advisements.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

    Plaintiff has filed two motions is which he asks that the court issue certain injunctions concerning his former conditions of confinement.  Because plaintiff is no longer confined, both motions will be denied.  Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995)

    In accordance with the above, IT IS HEREBY ORDERED that:

    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

    2.  Plaintiff's complaint is dismissed.

    3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

    4.  Plaintiff's February 7, 2007 motion to "compel" is denied.

4

1       5.  Plaintiff's February 21, 2007 motion for an injunction is denied.

2       6.  The Clerk of Court is directed to send plaintiff the form for use in filing civil rights actions in this district.

DATED:  June 11, 2007.

_____
U.S. MAGISTRATE JUDGE

1
brow0245.14(2.7.07)

5